IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GLEN DAVISON,

    Named Plaintiff,

v.

JSW STEEL (USA), INC.,

    Defendant.

_____/

C.A. No.:
**COLLECTIVE ACTION**

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABAOR STANDARDS ACT AND DEMAND FOR JURY TRIAL**

Named Plaintiff GLEN DAVISON ("Named Plaintiff"), individually and on behalf of others similarly situated, by and through his undersigned counsel, files his Collective Action Complaint against Defendant JSW STEEL (USA), INC. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). Named Plaintiff, individually and on behalf of other similarly situated, hereby states as follows:

**SUMMARY**

1. Defendant JSW STEEL (USA), INC. operates an enterprise in Baytown, Texas, that produces carbon steel plates, DSAW pipes, and hot-rolled coil

bands for interstate commerce.

2. Defendant failed to fully and properly pay Named Plaintiff for all of his hours worked because during Named Plaintiff's employment with Defendant, Defendant did not include production bonuses, employee referral bonuses, and profit share bonuses in his regular rate of pay for purposes of calculating overtime in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* Defendant applied the aforementioned pay practices and/or policies to other similarly situated employees. These similarly situated employees worked 40 or more hours in given workweeks, and these pay practices and/or policies resulted in these similarly situated employees not being paid all their overtime wages earned in violation of the FLSA.

## INTRODUCTION

3. This is an action by Named Plaintiff and other similarly situated employees against their employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Named Plaintiff seeks damages for unpaid overtime, liquidated damages, and reasonable attorneys' fee and costs.

## JURISDICTION

4. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

5.  Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, JSW STEEL (USA), INC., employed Named Plaintiff and others similarly situated in the Southern District of Texas, a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas, and upon information and belief, Defendant's principal place of business is located in Harris County, Texas which is located within the Southern District of Texas.

## THE PARTIES

### A. Named Plaintiff

6.  Named Plaintiff is an individual, a United States Citizen, and a resident of the State of Texas living in Harris County, Texas which is located within the Southern District of Texas.

7.  Named Plaintiff was employed by Defendant beginning approximately in 2017 and until May 8, 2023.

8.  Named Plaintiff was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA. Specifically, Named Plaintiff was employed by

Defendant as an hourly utility operator[1]. During his employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

9. Likewise, Defendant applied the pay practices and/or policies to other similarly situated employees. These similarly situated employees worked 40 or more hours in given workweeks, and these practices and/or policies resulted in these similarly situated employees not being paid all their overtime wages earned in violation of the FLSA.

10. Named Plaintiff brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA.

**B.   Defendant**

11. Defendant is a corporation for profit that operates and conducts substantial business activities in Harris County, Texas which is within the Southern District of Texas.

12. Defendant operates a facility that produces carbon steel plates, DSAW pipes, and hot-rolled coil bands of steel and supplies the same to customers throughout the United States.

---

[1] In addition to operators (such as utility operator), Defendant had other hourly positions, including but not limited to loaders, melters, and technicians (such as maintenance technician, laboratory technician, and automation technician) (collectively referred to herein as "production employees").

13. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions. Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

14. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees. Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

15. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

16. Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all production employees, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

17. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

18. At all relevant times, Defendant was an employer of Named Plaintiff

and other similarly situated hourly employees as defined in the FLSA.

19. Defendant operates, controls, and employs employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

20. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States.

## FACTS

21. Named Plaintiff and Defendant's other hourly production employees are non-exempt employees who are entitled to overtime compensation.

### A. Nondiscretionary Production Bonuses

22. During the last three (3) years, Defendant paid Named Plaintiff and other similarly situated production employees a predetermined, non-discretionary bonus based on their level of production ("production bonus").

23. Defendant's promised production bonuses were meant to induce Named Plaintiff and other similarly situated production employees to work more

efficiently and productively.

24. Defendant paid Named Plaintiff and other similarly situated production employees this production bonus in a separate check and earnings statement from their regular pay period earnings statement and pay. Defendant titled the production bonuses "Hrly Prod Bon," which is short for Hourly Production Bonus.

25. However, Defendant did not include these production bonuses in Named Plaintiff's and other similarly situated production employees' regular rates of pay for the purposes of calculating their proper overtime rates of pay.

26. As a result, Named Plaintiff and other similarly situated production employees were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) in a workweek.

**B.** **Profit Sharing Bonus**

27. During the last three (3) years, Defendant paid Named Plaintiff and other similarly situated production employees a predetermined, non-discretionary bonus based on profits of the company ("profit share bonus").

28. Defendant's promised profit share bonuses were meant to induce Named Plaintiff and other similarly situated production employees to work more efficiently and productively.

29. Defendant did not include these profit-sharing bonuses in Named

Plaintiff's and other similarly situated production employees' regular rates of pay for the purposes of calculating their proper overtime rates of pay.

30. As a result, Named Plaintiff and other similarly situated production employees were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over 40 in a workweek.

### C. Employee Referral Bonus

31. During the last three (3) years, Defendant paid Named Plaintiff and other similarly situated production employees a predetermined, non-discretionary bonus based on referring individuals to the company who the company eventually hires ("employee referral bonus").

32. Defendant's promised employee referral bonuses were meant to induce Named Plaintiff and other similarly situated production employees to referral potential workers to company.

33. Defendant did not include these employee referral bonuses in Named Plaintiff's and other similarly situated production employees' regular rates of pay for the purposes of calculating their proper overtime rates of pay.

34. As a result, Named Plaintiff and other similarly situated production employees were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over 40 in a workweek.

### Defendant's Knowledge of Violation

35. As a result of Defendant's companywide policies and/or practices described above, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production employees for all overtime pay that they actually earned.

36. Defendant's failure to compensate Named Plaintiff and other similarly situated production employees were employees as defined in the FLSA.

37. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

38. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

### FLSA COLLECTIVE CLAIM

39. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative collective action on behalf of himself, and all other similarly situated employees of the following opt-in collective:

> **All current and former Texas hourly, non-exempt employees who worked as utility operators, loaders, melters, and maintenance technicians, laboratory technicians, and automation technicians and who worked more than 40 hours per week during the three (3) years preceding the filing of the original Complaint**

      **and continuing through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").**

40. Named Plaintiff and putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

41. This action is properly brought as a collective action for the following reasons:

    a.    The Class is so numerous that joinder of all Class Members is impracticable.

    b.    Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues which may exist.

    c.    The claims asserted by Named Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    d.    Named Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Named Plaintiff. Furthermore, Named Plaintiff is represented by experienced class action counsel.

    e.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

    f.    The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class

      Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g. Defendant acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff GLEN DAVISON requests judgment against Defendant and for an Order:

a. Determining that the action is properly maintained as a class and/or collective action, appointing Named Plaintiff as the class representative, and appointing Named Plaintiff's counsel as counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. Awarding Named Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Named Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Named Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Named Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Named Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Named Plaintiff GLEN DAVISON, demands a jury trial on all issues so triable.

**ROSS SCALISE BEELER AND PILLISCHER**

**CHARLES L. SCALISE**
Texas Bar No. 24064621
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

**ATTORNEYS FOR NAMED PLAINTIFF**